# NOTICE TO THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION OF MULTICIRCUIT PETITIONS FOR REVIEW

**IN RE:** Federal Communications Commission, *In the Matter of Accelerating Wireless Broadband by Removing Barriers to Infrastructure Investment; Accelerating Wireline Broadband Deployment by Removing Barriers to Infrastructure Investment*, FCC 18-133 (released September 27, 2018)

MCP No.-_____

## NOTICE OF MULTICIRCUIT PETITIONS FOR REVIEW

Pursuant to 28 U.S.C. § 2112(a)(3) and the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the Federal Communications Commission hereby notifies the United States Judicial Panel on Multidistrict Litigation of six petitions for review of the same final agency action.  *See In the Matter of Accelerating Wireless Broadband by Removing Barriers to Infrastructure Investment; Accelerating Wireline Broadband Deployment by Removing Barriers to Infrastructure Investment*, Declaratory Ruling and Third Report and Order, FCC 18-133 (released September 27, 2018).  A summary of the agency's order was published in the Federal Register on October 15, 2018. *See* 83 Fed. Reg. 51867.  These petitions for review were filed in four different courts of appeals within ten days after issuance of the agency action and received by the

FCC from the petitioners within the applicable ten-day period.[1] As required by Panel Rule 25.2, we submit with this notice: (1) a schedule (Attachment A) listing the six petitions for review; (2) copies of each petition (Attachment B); and (3) the order the petitioners are challenging (Attachment C). In accordance with Panel Rule 25.3, as indicated in the attached certificate of service, the FCC is serving this notice on the clerks of the courts where petitions for review have been filed as well as on counsel for all parties.

---

[1] The petitioners in the First, Ninth, and Tenth Circuits provided copies of their petitions for review that were date-stamped by the respective courts. The petitioner in the Second Circuit notified the agency within the ten-day period that it had duly filed its petition for review with that court but that, despite counsel's diligent efforts to obtain a date-stamped copy, the court would not issue a date-stamped copy of the petition within the ten-day period. That petitioner therefore transmitted to the agency within the ten-day period (1) a copy of its petition for review without a date stamp (included in Attachment B); (2) contemporaneous evidence demonstrating that the petition had been duly filed with the Second Circuit, consisting of a receipt reflecting payment of the docketing fee and a confirmation containing a unique filing identifier (Attachments D and E); and (3) written explanations from counsel documenting that counsel made diligent efforts to obtain a file-stamped copy of the petition but were informed by the clerk's officer that a date-stamped copy would not be available until after the ten-day period concluded (Attachments F and G). The agency believes that this satisfies Section 2112(a) under the Judicial Panel on Multidistrict Litigation's decision in *In re FERC*, --- F.3d ---, 2018 WL 4905989, at *2 n.2 (J.P.M.L. Oct. 3, 2018), and the Second Circuit's decision in *Local Union 36 v. NLRB*, 631 F.3d 23, 26 (2d Cir. 2010).

Respectfully submitted,

*s/ Richard K. Welch*

Richard K. Welch
Deputy Associate General Counsel

Federal Communications Commission
445 12th Street, S.W.
Washington, D.C. 20554
Phone: (202) 418-7225
Fax: (202) 418-2819
Email: richard.welch@fcc.gov
       fcclitigation@fcc.gov

November 1, 2018